UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:05MC499 CDP |
| VIVIENNE ASONG, | ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM AND ORDER

This case is a summary proceeding for confirmation of an arbitration award under the Federal Arbitration Act (FAA), 9 U.S.C. § 9. In 1995, the parties entered into a licensing agreement granting Asong the right to operate a Medicine Shoppe pharmacy in her home state of Maryland. The licensing agreement requires the parties to arbitrate their disputes in St. Louis, Missouri. Medicine Shoppe filed a claim for arbitration with the American Arbitration Association alleging that Asong violated the terms of the licensing agreement by failing to remit license fees and cooperate with an audit request.

An arbitration hearing was held in St. Louis, Missouri on May 31, 2005. Although Asong had notice of the proceeding, was represented by counsel and participated in a pre-hearing conference, she refused to attend or present evidence at

the evidentiary hearing.[1] Asong also refused the opportunity to submit any written evidence or arguments to the arbitrator following the hearing. The arbitrator subsequently entered an award in favor of Medicine Shoppe on July 11, 2005. Medicine Shoppe now moves to confirm the award in its entirety.

Asong, again represented by counsel, moves to dismiss the motion to confirm the arbitration award, asserting a procedural defect and lack of jurisdiction in this action. Asong also claims that the licensing agreement and its arbitration provision are unconscionable. Asong has not, however, filed a motion to vacate, correct or modify the award as required by the Federal Arbitration Act, and her time for doing so has now expired. As such, she has waived any defenses to confirmation of the

---

[1]The arbitration award states that Asong's counsel refused to participate in the hearing for the following reasons:

> In addition to claiming that he had various scheduling conflicts that would preclude the holding of the hearing within the time specified under the AAA's rules (although he did not offer alternative dates), he asserted that the arbitration clause in the parties' License Agreement was "unconscionable," that he took issue with the AAA's jurisdiction and the proceedings in general, and that in any event he would not arbitrate the matter in St. Louis (the situs of the hearing specified in the arbitration provision of the License Agreement).

(Arbitration Award at 2). Although not argued in the motion to dismiss, Asong's counsel has submitted a supporting affidavit averring that "Vivienne Asong was denied her right to appear by an arbitrary scheduling process." (Kaufman Aff. ¶ 5). There is nothing "arbitrary" about application of the Commercial Arbitration Rules of the American Arbitration Association in this case because the parties agreed to arbitrate their disputes in accordance with these rules. (Licensing Agreement ¶ 14(G)). Asong agreed to the AAA's procedures, was given notice of the hearing, an opportunity to participate (both during and after the hearing) and the procedural mechanism by which to request a postponement. Under these circumstances, Asong cannot contest confirmation of the arbitration award on the ground that it was entered even though she refused to participate in the hearing. Val-U Constr. Co. of South Dakota v. Rosebud Sioux Tribe, 146 F.3d 573, 579-80 (8th Cir. 1998).

award. Even if her defenses were properly preserved, however, they are meritless. For this reason, Asong's motion to dismiss will be denied, and Medicine Shoppe's motion to confirm the arbitration award will be granted.

## **Discussion**

Asong first argues that I lack jurisdiction to decide whether to confirm the instant award because Medicine Shoppe initiated this proceeding by filing a motion to confirm the award rather than a complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. Asong's argument fails. Section 6 of the FAA provides in relevant part that an application for an order confirming an arbitration award "shall be made and heard in the manner provided by law for the making and hearing of motions . . . ." 9 U.S.C. § 6. Because this is a summary proceeding brought in accordance with the FAA, Medicine Shoppe was not required to file a complaint to properly place this issue before me.

Asong next argues that I cannot confirm the arbitration award because I lack personal jurisdiction over her. In support of this assertion, Asong avers that she resides in Maryland and "has only been to the State of Missouri for the purpose of being solicited by Medicine Shoppe . . . ." (Asong Aff. ¶ 2). This argument fails because Asong consented to arbitration in St. Louis, Missouri and enforcement of the award in the Eastern District of Missouri. (Licensing Agreement ¶ 14(G) and (I)). Moreover, because the arbitration was held in St. Louis, Missouri, the FAA

vests this Court with jurisdiction to enforce the arbitration award. See 9 U.S.C. § 9. For these reasons, I have jurisdiction over Asong to confirm the arbitration award.

Section 9 of the FAA provides that any party may apply, within one year after an arbitration award is made, to the district court for an entry of judgment confirming the award. 9 U.S.C. § 9. Either party may file a motion to vacate, modify or correct an arbitration award. 9 U.S.C. § 12. However, such motion must be filed within 90 days of the initial arbitration award. Id.; Domino Group, Inc. v. Charlie Parker Memorial Foundation, 985 F.2d 417, 419 (8th Cir. 1993). Failure to do so waives any defenses to confirmation of the arbitration award. Id. at 419-20 ("Failure to file a motion to vacate, modify, or correct within three months . . . waived any defenses to confirmation that might be asserted in a timely motion to vacate."). In this case, it is undisputed that Asong has not filed a motion to vacate the arbitration award, and her time for doing so expired on October 11, 2005. As such, she is precluding from asserting any defenses to confirmation of the award that could have been raised in a motion to vacate, including her arguments that the licensing agreement and its arbitration provision are unconscionable. See Norton v. AMISUB St. Joseph Hospital, 155 F.3d 1040, 1041 (8th Cir. 1998) (plaintiff waived her right to argue that arbitration agreement was an unenforceable contract of adhesion because she failed to file a timely motion to vacate award).

Asong argues that she has preserved her right to contest confirmation of the arbitration award by asserting her defenses in a motion to dismiss filed on October 11, 2005. According to Asong, "[i]t would be a futile effort to cause to seek to vacate the award when the Defendant has filed a timely Motion to Dismiss . . . . There need not be two cases, one for confirmation and one to vacate. The fact that the Plaintiff sought confirmation brings to this Court jurisdiction to determine whether or not the award should be vacated for the alleged fraud." (Reply at 2). There is no support for this argument, however, which is contrary to the plain language of the statute and controlling law. As the Eighth Circuit Court of Appeals has made clear, a party does not retain the right to assert fraud -- or any other defense -- as a basis to deny confirmation of an award if a timely motion to vacate is not filed. See Val-U Const. Co. of South Dakota v. Rosebud Sioux Tribe, 146 F.3d 573, 578-79 (8th Cir. 1998). Because Asong did not file a timely motion to vacate, I am required to confirm the arbitration award in its entirety. 9 U.S.C. § 9.

Even if properly preserved, Asong's asserted defenses to confirmation of the award are meritless. The FAA only allows this Court to vacate an arbitration award:

> (1) Where the award was procured by corruption, fraud, or undue means.
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to

> hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Under the law of this Circuit, the scope of my review of an arbitration award is "extremely narrow," and my "sole function" is to decide whether the arbitrators' decision draws its essence from the contract. Executive Life Ins. Co. of New York v. Alexander Ins. Ltd., 999 F.2d 318, 320 (8th Cir. 1993). Federal courts are not authorized to reconsider the merits of an arbitral award, "even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Bureau of Engraving, Inc. v. Graphic Communication Int'l Union, Local 1B, 284 F.3d 821, 824 (8th Cir. 2002) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987)). I must confirm the award even if I am convinced that the arbitrator committed serious error, so "long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." Bureau of Engraving, 284 F.3d at 824 (quoting Misco, 484 U.S. at 38). To put it another way, I will not set an award aside simply because I might have interpreted the agreement differently or because the arbitrator erred in interpreting the law or even in determining the facts. Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 751 (8th Cir. 1986). Rather, for an award to be set aside the contract must not be "susceptible of the arbitrator's

interpretation." Metal Shop, Warehousemen, and Helpers Union, Local 970 v. B F. Nelson Folding Cartons, Inc., 151 F.3d 748, 750 (8th Cir.1998) (quotation omitted).

Asong first argues that the contractual negotiations were so one-sided in favor of Medicine Shoppe that they deprived her of Due Process and her right to counsel. These arguments are summarily rejected because no constitutional rights are implicated in the negotiations between these two private parties over a civil contract. In a related argument, Asong next contends that the licensing agreement and its arbitration provision are unconscionable because she believes the terms to be unfavorable to her. This argument was presented by Asong's counsel during the pre-hearing conference and subsequently rejected by the arbitrator, who upheld the agreement in its entirety. I am not free to substitute my judgment for that of the arbitrator's even if were to disagree with his interpretation of the facts or the law. See Stroh Container Co., 783 F.2d at 751.

In this case however, I agree with the arbitrator's decision and would reach the same conclusion if I were deciding this issue on my own. The agreement is not unconscionable just because Asong may now believe she made a bad deal. There is no dispute that Asong signed the agreement, and in so doing agreed that she "read this Agreement . . . and understand[s] and accept[s] the terms, conditions and covenants contained in this Agreement . . . ." (Licensing Agreement ¶ 1(B)). In the same paragraph, Asong further acknowledges that she "conducted an independent

investigation of the business venture contemplated by this Agreement and recognize[s] that it involves business risks . . . ." (Id.). I reject Asong's untenable suggestion that her acknowledgments and other contractual obligations should be ignored simply because she "is not native-born." (Mem. Supp. Dismiss at 2). Asong, a licensed pharmacist, testified that she is a "naturalized citizen of the United States and a graduate of Howard University School of Pharmacy." (Asong Aff. ¶ 1). The licensing agreement is not unconscionable merely because Asong immigrated from Africa. For this reason, all defenses to confirmation of the award -- even if they had been properly preserved -- are rejected as meritless. The award must be confirmed in its entirety.

Finally, Medicine Shoppe's motion for confirmation also seeks an award "for its interest, costs, and attorney fees in preparing this Motion pursuant to the License Agreement." Paragraph 14(M) of the licensing agreement provides:

> The party prevailing in a judicial or arbitration proceeding or appeal thereof shall be awarded its costs and expenses including, but not limited to, reasonable accounting, paralegal, expert witness and attorneys' fees and arbitrators' fees, whether incurred prior to, in preparation for or in contemplation of the filing of any written demand, claim, action, hearing or proceeding to enforce the obligations of this Agreement."

(Licensing Agreement ¶ 14(M)). I will take up the issue of attorneys' fees and costs in accordance with the Court's local rules and therefore do not address Medicine Shoppe's request at this time. See E.D.Mo. L.R. 8.02.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for confirmation of arbitration award [# 1] is granted.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [# 6] is denied.

A separate Judgment in accordance with this Memorandum and Order is entered this same day.

                                         _____
                                         CATHERINE D. PERRY
                                         UNITED STATES DISTRICT JUDGE

Dated this 12th day of January, 2006.